FILED
SUPERIOR COURT
OF GUAM

2022 JUN 13 PM 3: 42

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| T.V.J., <br><br> Plaintiff, <br><br> vs. <br><br> THE SCHOOL SISTERS OF NOTRE DAME, MILWAUKEE PROVINCE, INC.; SCHOOL SISTERS OF NOTRE DAME CENTRAL PACIFIC PROVINCE, INC.; SCHOOL SISTERS OF NOTRE DAME, REGION OF GUAM; SAN VICENTE CATHOLIC SCHOOL and JOHN DOES 1-20, <br><br> Defendants. | CIVIL CASE NO. CV1286-19 <br><br><br> DECISION AND ORDER RE JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND DISMISSAL ORDER |

This matter came before the Honorable Dana A. Gutierrez on March 14, 2022 for a hearing on the Joint Motion for Determination of Good Faith Settlement and Dismissal Order ("Joint Motion") filed by Defendants the School Sisters of Notre Dame, Milwaukee Province, Inc.; School Sisters of Notre Dame Central Pacific Province, Inc.; School Sisters of Notre Dame, Region of Guam (collectively the "SSND Defendants") and Plaintiff T.V.J. ("Plaintiff") on April 1, 2021. Present via Zoom was Attorney G. Patrick Civille representing SSND Defendants. Upon a review of the pleadings and in accordance with the applicable law, the Court now issues this Decision and Order **DENYING WITHOUT PREJUDICE** the Joint Motion.

## BACKGROUND

This matter arises out of Plaintiff's Verified Complaint for Damages and Equitable Relief

("Complaint") filed on November 7, 2019. The Complaint alleges that while Plaintiff was a minor and a student at San Vicente Catholic School ("San Vicente"), she was sexually molested and abused by Pete Belangue, a maintenance worker at San Vicente. Compl., at ¶ 2. The Complaint states that San Vicente is a Catholic school established, operated, managed, administered, controlled, and/or supervised by the SSND Defendants. *Id.* Based on the facts alleged in the Complaint, Plaintiff asserts the following causes of action: 1) Negligence and Gross Negligence against San Vicente and the SSND Defendants; and 2) Equitable Relief against San Vicente and the SSND Defendants. *Id.* at ¶ 13-19.

The SSND Defendants were served with the Complaint on November 7, 2019 through their legal counsel. Plaintiff's Response to Amended Order of March 25, 2021 Re: Service of Defendants (Apr. 21, 2021). There is no affidavit or declaration of service on record indicating whether or not San Vicente has ever been served with the Complaint and Summons in this case.

On April 1, 2021, Plaintiff and SSND Defendants filed a Joint Motion for Determination of Good Faith Settlement and Dismissal Order. The Joint Motion is supported by the Declaration of G. Patrick Civille in Support of Joint Motion ("Declaration Re: Joint Motion") and the Declaration of G. Patrick Civille Regarding Non-Opposition to Motion by Other Defendants ("Declaration Re: Non-Opposition"), both filed on April 1, 2021. The Court heard the oral argument of the parties at a hearing on March 14, 2022 and took the matter under advisement.

## DISCUSSION

The Joint Motion is made pursuant to Guam's Contribution Among Joint Tortfeasors Act, codified at 7 GCA §§ 24601, *et seq.* Joint Motion, at 3-7. Specifically, the Joint Motion requests that the Court make a determination of a good faith settlement pursuant to 7 GCA § 24606.

A. **Requirements Under the Plain Language of 7 GCA § 24606 Have Not Been Met.**

Title 7 GCA § 24606 provides:

(a) **Any party** to an action wherein it is alleged that two or more parties are joint tortfeasors **shall be entitled to a hearing** on the issue of the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors, **upon giving notice at least twenty (20) days before the hearing.** [ . . . ] Upon a showing of good cause, the court may shorten the time for giving the required notice to permit the determination of the issue to be made before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced.

(b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter affidavits filed in response thereto, or any evidence at the hearing.

(emphasis added).

In the instant case, San Vicente is named as a Defendant. *See* Compl. However, there is no declaration or affidavit indicating that San Vicente has ever been served with the Summons and Complaint filed in this case. SSND Defendants' counsel, Attorney G. Patrick Civille, filed a declaration stating that San Vicente is a school belonging to the Archdiocese of Agana ("AOA") and that Attorney Civille provided copies of the Joint Motion to legal counsel for the AOA, Attorney John Terlaje. Decl. of G. Patrick Civille Re: Non-Opposition, at ¶ 4-5 (Apr. 1, 2021).

Upon learning of the amount of the settlement, Attorney Terlaje "authorized [Attorney Civille] to represent that the AOA, for an [sic] on behalf of itself and Defendant San Vicente Catholic School, does not object to the Joint Motion." *Id.* at ¶ 5. However, when the Court inquired if San Vicente was given notice of the hearing on the Joint Motion, Attorney Civille directed the Court to Declaration Re: Non-Opposition indicating that Attorney Terlaje "orally told" Attorney Civille that Attorney Terlaje had no objection. Min. Entry, at 2:11:51 PM (March 14, 2022). The Court instructed that if SSND Defendants desire to supplement the record, it could file supplemental documents by March 21, 2022. *Id.* at 2:15:28 PM.[1]

The plain language of 7 GCA § 24606 requires that "**any party** to an action wherein it is alleged that two or more parties are joint tortfeasors **shall be entitled to a hearing** on the issue

---

[1] No supplemental documents were filed.

of the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors, **upon giving notice at least twenty (20) days before the hearing.**" (emphasis added). San Vicente is a party to the instant action wherein it is alleged that two or more parties are joint tortfeasors. *See* Compl. There is nothing in the record indicating that San Vicente was given notice of the hearing on the Joint Motion at least 20 days prior to the hearing. Therefore, the notice requirements under the plain language of 7 GCA § 24606 have not been met. *See* 7 GCA § 24606.

B.      **Policy Considerations Favor Following the Notice Requirements of 7 GCA § 24606.**

The District Court of Guam has recognized that 7 GCA § 24606 is based on Section 877.6 of the California Code of Civil Procedure ("CCCP"), and has sought guidance in construing 7 GCA § 24606 by turning to California cases interpreting Section 877.6 of the CCCP. *Maeda Pacific Corp. v. GMP Hawaii, Inc.*, No. 08-00012, 2010 WL 672849, at *7 (D. Guam Feb. 23, 2010).

In *Singer Co. v. Superior Court*, California's Court of Appeals considered whether an unnamed joint tortfeasor who did not receive notice of the hearing on the settling parties' motion for determination of a good faith settlement is bound by the good faith determination. *Singer Co. v. Super. Ct.*, 179 Cal.App.3d 875, 881 (Cal Ct. App. 1986). In *Singer*, a wrongful death action was initiated against Cool-Temp when two children died in a fire caused by a natural gas leak ignited by a spark from the relay in their apartment's air conditioning unit. *Id.* at 881-82.[2] An expert was deposed and testified that a gasket on the gas regulator in the apartment failed, causing the gas leak. *Id.* at 882.

The air conditioner was serviced by Cool-Temp on the day of the fire, and the gas

---

[2] The action also named the apartment owners, Manuel Silva Sr. and Mary Silva (the "Silvas"), as defendants. *Id.*

regulator was built by Singer. *Id.* Initially, Cool-Temp was named as a defendant in the wrongful death action, but Singer was not named. *Id.* In 1984, Cool-Temp settled the wrongful death action with the plaintiffs, and Cool-Temp's motion for determination that the settlement was in good faith was granted by the trial court. *Id.*

The next year, Singer was served as a cross-defendant and named in a cross-complaint filed by the Silvas. *Id.* Singer filed a cross-complaint for indemnity against Cool-Temp and the Silvas. *Id.* Ultimately, the trial court granted Cool-Temp's motion to dismiss Singer's cross-complaint, relying on the trial court's previous determination that Cool-Temp's settlement with the plaintiffs was in good faith. *Id.* at 883. Singer attempted to compel Cool-Temp to produce Singer's discovery requests in order to procure evidence that the previous settlement was not made in good faith. *Id.* However, the trial court granted the dismissal without requiring Cool-Temp to produce the requested discovery. *Id.*

On appeal, Singer argued that the trial court failed to follow the requisite procedure specified in Section 877.6 of the CCCP when it granted the initial motion for a finding of a good faith settlement and that it failed to allow Singer a meaningful opportunity to contest the finding of good faith when Singer was eventually brought into the suit. *Id.* The California Court of Appeals reversed the trial court, finding that dismissal of Singer's cross-complaint for indemnity was an abuse of discretion because the trial court "failed to permit Singer a meaningful opportunity to satisfy its statutory burden of proof." *Id.* at 898.

In reaching this conclusion, *Singer* Court discussed the notice requirements of Section 877.6:

> Construed in the light of the legislation's objectives, the good faith release clause extends the obligation of good faith beyond the parties to the negotiations, embracing an absent tortfeasor. **The latter has a financial stake in the amount of the settlement and thus a justiciable interest in the question of good faith.** The financial stake an absent tortfeasor has in the fairness of a settlement between the plaintiff and a joint tortfeasor equates to the deprivation of a property interest,

5

> to wit: **a non-settling tortfeasor may be forced to bear a share of the liability greater than that proportionate to his fault when the plaintiff's recovery is reduced only by the monetary amount of a prior settlement.** Since a non-settling tortfeasor loses his right to seek contribution or partial indemnity from a joint tortfeasor who settled if that settlement is adjudged to be in good faith, the nonsettling tortfeasor stands to be deprived of his property right to contribution or partial indemnity. **When the parties to a settlement know, or reasonably should know, that a non-settling tortfeasor is exposed to substantial potential liability, such that his joinder as a defendant or cross-defendant is likely, the property right of that non-settling tortfeasor must be regarded as significant.**

*Id.* at 890-91 (emphasis added) (internal citations omitted). Therefore, the "[f]ailure to bring into the good faith settlement determination any likely defendant as a necessary party will have the usual effect—the judgment cannot bind the absent party." *Id.* at 892 (internal citations omitted).

The *Singer* Court supported its reasoning by noting that the aforementioned interpretation does not call into question the constitutionality of Section 877.6 because the Court is not construing the statute "to deprive a likely defendant of a significant property interest without notice and an opportunity to be heard." *Id.* at 893. The *Singer* Court continued: "insofar as our holding compels the parties to a settlement to ensure that all likely defendants have an opportunity to be heard on the good faith of the settlement, the trial court will be aided in its evaluation of good faith and the fundamental legislative goal that encourages the total settlement of litigation will be furthered." *Id.*

The *Singer* Court recognized the trial court's finding that once included in the litigation, Singer was entitled to a "second good faith hearing," but the *Singer* Court held that at time of the first "good faith hearing," Singer was a "necessary party to any hearing on the good faith of Cool-Temp's settlement with plaintiffs." *Id.* at 894. Thus, when a necessary party was not brought into the litigation "at the time a determination of good faith was rendered," Section 877.6 requires that the necessary party must "be afforded a new hearing" on the issue of whether the settlement was made in good faith. *Id.* at 895.

Here, Plaintiff and the SSND Defendants request that upon the approval of their settlement, the Court "discharge" the SSND Defendants "from all liability for any contribution to any other tortfeasor for any and all claims for contribution or indemnity against the SSND Defendants arising out of the facts alleged in the pleadings herein, regardless of when such claims were asserted or by whom, and that all such claims are now barred." Proposed Order (received Apr. 1, 2021).

In light of the potential deprivation of the non-settling tortfeasor's property rights, this Court must ensure compliance with the notice procedures required under 7 GCA § 24606, otherwise the approval of the settlement may be called into question at a later date if the Plaintiff pursues any claims against San Vicente, or any other joint tortfeasor.[3] *See Singer,* 179 Cal.App.3d at 890-95. Should Plaintiff desire to later pursue any claims against San Vicente, San Vicente would either be precluded from pursuing any claims for indemnity against the SSND Defendants, or alternatively, under the holding in *Singer*, this Court would be required to hold a second hearing, upon notice to San Vicente, to determine whether the settlement was made in good faith.[4]

The failure to provide notice of the hearing to San Vicente, as a named co-defendant in an action alleging that two or more parties are joint tortfeasors, "at least 20 days" in advance of the hearing on the Joint Motion, not only risks a later finding that San Vicente may not be bound by

---

[3] The Court notes that the Complaint also names John Does 1-20 as Defendants in this case. Should it later be determined that John Does 1-20 are "necessary parties," either those necessary parties may not be bound by the determination of good faith settlement, or this Court may be required to hold a "second good faith hearing," wherein John Does 1-20 would be permitted to contest the good faith determination. *Singer*, 179 Cal.App.3d at 894-95.

[4] Although the *Singer* Court ruled that the later-named joint tortfeasor was entitled to a second hearing to determine whether the settlement was made in good faith, the *Singer* Court nonetheless recognized that Singer was "a necessary party to any hearing on the good faith of Cool-Temp's settlement with plaintiffs." *Singer*, 179 Cal.App.3d at 894. Because the parties could not undo the lack of notice given to Singer the first time, the trial court was required to hold a second hearing; however, the proper–and more efficient–procedure recognized by the *Singer* Court was to include Singer as a party to the first hearing on the good faith settlement determination. *Id.* at 894-95.

the good faith settlement determination, but is also judicially inefficient and can easily be prevented by following the statute's notice procedures. Upon a showing that the settling parties have complied with the notice requirements under 7 GCA § 24606, this Court may proceed to the merits of the parties' Joint Motion.[5]

## CONCLUSION

For the foregoing reasons, and in accordance with the applicable law, the Court hereby **DENIES WITHOUT PREJUDICE** the Joint Motion for Determination of Good Faith Settlement and Dismissal Order.

**SO ORDERED:** _____JUN 1 3 2022_____

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

SERVICE
I acknowledge that an electronic copy of the original was e-mailed to:
_A .C. Perez_
_Civille_
Date:_____Time:__6/13/22__
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

---

[5] Without proper compliance with the notice requirements, any finding regarding the merits of whether the settlement is made in good faith would be vulnerable to potential future challenges to the finding. *See Singer*, 179 Cal.App.3d at 890-95.